

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL CASE NO 9:06-CR-3** |
| | § | |
| **CONSTANTINO OLMEDO-GUZMAN** | § | |

**REPORT AND RECOMMENDATION**
**ON DEFENDANT'S COMPETENCY TO STAND TRIAL**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate upon referral from the District Court.  The Court now its enters its recommendation that the District Court find that Defendant, Constantino Olmedo-Guzman, is currently incompetent to stand trial.

A.      Background

On February 24, 2006, pursuant to the referral of the District Court, the Defendant appeared before the undersigned for the administration of a change of plea hearing.  At the hearing, certain issues arose regarding Mr. Olmedo-Guzman's mental state.  The evidence giving rise to those issues are fully set forth in the record of the hearing.  Accordingly, rather than conducting the plea hearing in full, the Court entered its *Order Directing Mental Examination to Determine Defendant's Competency to Stand Trial* [Clerk's doc. #20].  In that order, the Court directed that Mr. Olmedo-Guzman be committed to custody of the Attorney General for examination by a psychiatrist or

psychologist to determine whether, pursuant to 18 U.S.C. § 4241, he is suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him and to assist in his defense, i.e. whether he is competent to stand trial.

On April 26, 2006, the warden of the Federal Medical Center in Fort Worth, Texas, issued his notification to the Court that an examiner had completed her psychological evaluation of Mr. Olmedo-Guzman.  Lisa Bellah, Ph.D., found that Mr. Olmedo-Guzman does appear to be suffering from a mental disease or defect which is currently interfering with his ability to understand the nature and consequences of the proceedings against him and his ability to assist in his own defense.  She accordingly concluded that Mr. Olmedo-Guzman is not competent to stand trial.  The report reflecting Dr. Bellah's opinion in detail and setting forth the corresponding psychological findings was filed in the record under seal and forwarded to both Defendant's attorney and the attorney for the Government.

On June 1, 2006, the Court conducted a competency hearing to address the findings contained within the report.  Neither party objected to the findings.  They also agreed with this Court's recommendation that Mr. Olmedo-Guzman be found incompetent to stand trial at this time and that he be committed to the custody of the Attorney General for further treatment and evaluation in accordance with 18 U.S.C. § 4241(d).

B.    Conclusion and Recommendation

Accordingly, based upon the opinion and recommendation issued by the forensic evaluator, Dr. Bellah, and the agreement of the parties, the undersigned United States Magistrate recommends that the District Court find by a preponderance of the evidence that Constantino Olmedo-Guzman

is incompetent to stand trial under 18 U.S.C. § 4241 because he appears to be suffering from a mental disease or defect which is currently interfering with his ability to understand the nature and consequences of the proceedings against him and his ability to assist in his own defense.  The Court further recommends that Constantino Olmedo-Guzman be committed to the custody of the Attorney General for transfer to an inpatient Medical Referral Center (MRC) for the purposes of restoration of competency under 18 U.S.C. § 4241(d).  Upon commitment, the Attorney General should be directed to hospitalize the Defendant for treatment in a MRC, or suitable facility, for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed. *See* 18 U.S.C. § 4241(d).  On or before the end of this four-month period, the Attorney General or his designee should file a report on the mental state of Defendant.  At that time, the undersigned United States Magistrate will revisit the issue of  Defendant's competency to stand trial pursuant to 18 U.S.C. § 4241(d).

C.      Objections

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from  appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error.  *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).  The constitutional safeguards afforded by

Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation,  a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 2nd day of June, 2006.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

**4**