

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL CASE NO. 9:06-CR-3 |
| | § | |
| CONSTANTINO OLMEDO-GUZMAN | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION
ON DEFENDANT'S COMPETENCY TO STAND TRIAL

The Court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration of pretrial matters. Judge Giblin previously ordered that Defendant, Constantino Olmedo-Guzman, undergo a mental examination to determine his competency to stand trial pursuant to 18 U.S.C. § 4241. After conducting a hearing to address the examiner's findings, Judge Giblin filed his *Report and Recommendation on Defendant's Competency to Stand Trial* [Clerk's doc. #32]. Judge Giblin concluded that Mr. Olmedo-Guzman should be found currently incompetent to stand trial under 18 U.S.C. § 4241. He also recommended that the Defendant be committed to the custody of the Attorney General as is necessary to determine whether there is a substantial probability that the Defendant will attain the mental capacity to permit the trial to proceed.

The parties have not objected to the magistrate's findings and recommendation. The Court concludes that the *Report and Recommendation on Defendant's Competency to Stand Trial* should be accepted. The Court **ORDERS** that the *Report and Recommendation on Defendant's*

*Competency to Stand Trial* [Clerk's doc. #32] of the United States Magistrate Judge is **ADOPTED.**

Therefore, based upon the examiner's findings and the findings and recommendation reflected in Judge Giblin's report, the Court **FINDS** by a preponderance of the evidence that Defendant, Constantino Olmedo-Guzman, is currently not competent to stand trial pursuant to Title 18, United States Code, Section 4241, because he appears to be suffering from a mental disease or defect which is currently interfering with his ability to understand the nature and consequences of the proceedings against him and his ability to assist in his own defense. The Court **ORDERS** that Constantino Olmedo-Guzman, be committed to the custody of the Attorney General for transfer to an inpatient Medical Referral Center (MRC) for the purposes of restoration of competency under 18 U.S.C. § 4241(d). Upon commitment, the Attorney General is directed to hospitalize the Defendant for treatment in a MRC or suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the mental capacity to permit the trial to proceed. *See* 18 U.S.C. § 4241(d). On or before the end of this four-month period, the Attorney General or his designee is directed to file a report on the current mental state of Defendant with the Court and counsel. At that time, the Court directs that United States Magistrate Judge Keith F. Giblin shall revisit the issue of Mr. Olmedo-Guzman's competency to stand trial pursuant to 18 U.S.C. § 4241(d).

**SIGNED** this the 22 day of **June, 2006.**

_____
Thad Heartfield
United States District Judge